IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PATRICIA HUNT, | ) | CIVIL NO. 25-00403 HG-WRP |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO (1) |
| | ) | DISMISS COMPLAINT WITH |
| | ) | LEAVE TO AMEND AND (2) DENY |
| STAFFING POWER INC., | ) | APPLICATION TO PROCEED |
| STAFFING POWER LLC. | ) | WITHOUT PAYMENT OF FEES OR |
| HAWAII ET ALL, STAFFING | ) | COSTS |
| POWER.COM, DALLAS, | ) | |
| TEXAS 7920 BELT LINE RD. | ) | |
| STE 245 DALLAS, TX 75254 | ) | |
| ANWAR / MASTER CARE | ) | |
| ASSISTED LIVING LLC. | ) | |
| MASTER CARE CORP., | ) | |
| MASTER CARE HOME | ) | |
| HEALTH, MASTER CARE INC. | ) | |
| ET ALL, DOL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO (1) DISMISS COMPLAINT WITH
LEAVE TO AMEND AND (2) DENY APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES OR COSTS

On September 18, 2025, Plaintiff Patricia Hunt (Plaintiff), proceeding

without counsel, filed a complaint against "Staffing Power Inc., Staffing Power

LLC. Hawaii et all, Staffing Power.com Dallas, Texas 7920 Belt Line Rd. STE 245

Dallas, TX 75254 Anwar / Master Care Assisted Living LLC. Master Care Corp.,

Master Care Home Health, Master Care Inc. et all, DOL" (collectively,

Defendants).  Plaintiff alleges claims for fraud, breach of contract, and

"Interference with Disaster Unemployment Assistance."  <u>See</u> Complaint, ECF No.

1 at 1-3.  Plaintiff also filed an Application to Proceed in District Court Without

Prepaying Fees or Costs (Application).  <u>See</u> Application, ECF No. 2.  For the

reasons stated below, the Court FINDS and RECOMMENDS that Plaintiff's

Complaint be DISMISSED with leave to amend and that Plaintiff's Application be

DENIED as moot.[1]

## I.    Screening

The Court must subject each civil action commenced pursuant to

Section 1915(a) to mandatory screening and order the dismissal of any claim that it

finds frivolous, malicious, failing to state a claim upon which relief may be

granted, or seeking monetary relief from a defendant immune from such relief.

<u>See</u> 28 U.S.C. § 1915(e)(2)(B); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir.

2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to

dismiss [a § 1915(a)] complaint that fails to state a claim).  Additionally, the Court

liberally construes a pro se complaint.  <u>See Eldridge v. Block</u>, 832 F.2d 1132, 1137

(9th Cir. 1987).  However, the Court cannot act as counsel for a pro se litigant,

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

such as by supplying the essential elements of a claim.  See Pliler v. Ford, 542 U.S. 225, 231 (2004); Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

According to Rule 8(a)(2) of the Federal Rules of Civil Procedure (FRCP), to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To satisfy this rule, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (quotation marks omitted).  Importantly, conclusions of law are insufficient to state a claim under Rule 8(a).  See id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Therefore, to survive in federal court, a complaint must contain specific factual allegations in support of the legal conclusions.  See id. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, "[t]o comply with Rule 8(a)(2), a plaintiff suing multiple defendants 'must allege the basis of his claims against each defendant[.]'"  Tamraz

3

v. Bakotic Pathology Assocs., LLC, No. 22-CV-0725-BAS-WVG, 2022 WL
16985001, at *2 (S.D. Cal. Nov. 16, 2022) (quotation marks and citations omitted).
"Put differently, a pleading that names multiple defendants must 'establish the
specific personal involvement' of each defendant 'in the alleged wrongful acts.'"
Id. (citations omitted). "Failure to do so 'leaves each defendant with no means of
determining exactly what each of them is charged with doing,' and, therefore,
violates Rule 8." Id. (ellipses points and citations omitted)

Here, Plaintiff names numerous defendants in the caption of the
Complaint but refers generally to "Defendant" in the factual allegations of each
claim. See, e.g., Complaint, ECF No. 1 at 1-2 ("*The Defendant* knowingly made
false representations[.]"; "*The Defendant's* conduct was willful, malicious, and
intended to deceive for personal reasons."; "*Defendant* grossly misconstrued the
facts[.]"; "*The Defendant* knowingly and wrongfully submitted false
information[.]") (emphases added). Although Plaintiff asserts claims for fraud,
breach of contract, and "Interference with Disaster Unemployment Assistance,"
she does not identify which Defendant is liable for each claim, nor does she
explain when or how any of the Defendants committed any of the alleged conduct.
These factual omissions violate Rule 8 and "leave[] each defendant with no means
of determining exactly what each of them is charged with doing." See Tamraz,
2022 WL 16985001, at *2; see also Ashcroft, 556 U.S. at 678 ("A claim has facial

4

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

Moreover, the Complaint does not contain sufficient factual detail to demonstrate that Plaintiff is entitled to relief against any defendant for fraud, breach of contract, negligence, or an action under the Stafford Disaster Emergency Relief and Assistance Act (the Act). The vast majority of the allegations in Plaintiff's Complaint are legal conclusions. The small remainder of factual allegations, read together and construed liberally, are insufficient to state a claim under any of the counts. See Ashcroft, 556 U.S. at 678-79.

Further, the legal basis of Plaintiff's claim for "Interference with Disaster Unemployment Assistance" is unclear. Complaint, ECF No. 1 at 2-3. The Court is unable to discern whether Plaintiff intends to bring her third claim under the Act, or under a cause of action akin to negligence. To the extent that Plaintiff's claim arises under the Act, the Complaint does not identify the portion of the Act which gives her a cause of action.

For the reasons discussed above, the Court FINDS that each of Plaintiff's claims are inadequate under the pleading standard of FRCP Rule 8(a)(2).

Additionally, Plaintiff's fraud claim fails to allege with particularity

the circumstances constituting fraud, as required by FRCP Rule 9(b).  See Fed. R.

Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the

circumstances constituting fraud or mistake.").  Under this standard, Plaintiff

"must identify the who, what, when, where, and how of the misconduct charged, as

well as what is false or misleading about the purportedly fraudulent statement, and

why it is false."  Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013)

(quoting Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047,

1055 (9th Cir. 2011)) (internal quotation marks omitted).  As noted above, it is

unclear which "Defendant" made false representations, and the Complaint does not

allege "when, where, and how" the fraudulent conduct occurred.  The Court

therefore FINDS that Plaintiff's fraud claim falls short of the standard required in

FRCP Rule 9(b).

In sum, the Court FINDS that Plaintiff's Complaint fails to comply

with the requirements in FRCP Rules 8(a)(2) and 9(b).  The Court therefore

FINDS and RECOMMENDS that Plaintiff's Complaint be DISMISSED without

prejudice.

As to whether leave to amend the Complaint should be permitted, the

Ninth Circuit has explained that, "[u]nless it is absolutely clear that no amendment

can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's

deficiencies and an opportunity to amend prior to dismissal of the action."  Lucas

v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted).  Here,

arguably, Plaintiff may be able to cure some of the deficiencies in the Complaint.

Therefore, the Court RECOMMENDS that she be permitted to file an amended

complaint.

        If Plaintiff chooses file an amended complaint, she must write short,

plain statements telling the Court: (1) the specific basis of this Court's jurisdiction

(i.e., diversity jurisdiction or federal question jurisdiction); (2) the right(s) she

believes were violated; (3) the name of the defendant(s) who violated those

right(s); (4) exactly what each defendant did or failed to do and when; (5) how the

action or inaction of that defendant is connected to the violation of Plaintiff's

right(s); and (6) what specific injury she suffered because of a defendant's conduct.

Additionally, any fraud claim must be stated with particularity as required by

FRCP Rule 9(b).  See Salameh, 726 F.3d at 1133.  Any amended complaint shall

cure the deficiencies noted above.

## II.  Application to Proceed in District Court Without Prepaying Fees or Costs

        Insofar as this Court finds and recommends that Plaintiff's Complaint

be dismissed with leave to amend, it also FINDS and RECOMMENDS that

Plaintiff's Application be DENIED without prejudice as moot.  If Plaintiff timely

files an amended complaint, she shall concurrently file a new application to

proceed without prepayment of costs or pay the filing fee.  Plaintiff's amended

complaint and new application or filing fee are due within **45 days** from the date the district court acts on this Findings and Recommendation.  Failure to file an amended complaint and new application or payment of the filing fee by this deadline will result in automatic dismissal of this case.

CONCLUSION

The Court FINDS and RECOMMENDS that the district court

- DISMISS the Complaint, ECF No. 1, with leave to file an amended complaint within **45 days** from the date the district court acts on this Findings and Recommendation,

- REFER the screening of any amended complaint to the undersigned,

- DENY the Application, ECF No. 2, as moot,

- ORDER Plaintiff to file an application to proceed without prepayment of costs or pay the filing fee contemporaneously with the filing of the amended complaint,

- CAUTION Plaintiff that failure to file an amended complaint with an application to proceed without prepayment of costs or payment of the filing fee within the time frame specified above will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 29, 2025.



Wes Reber Porter
United States Magistrate Judge

Hunt v. Staffing Power Inc., et al., Civ. No. 25-00403 HG-WRP; FINDINGS AND
RECOMMENDATION TO (1) DISMISS COMPLAINT WITH LEAVE TO AMEND
AND (2) DENY APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES
OR COSTS.