IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PATRICIA HUNT, | ) | CIVIL NO. 25-00403 HG-WRP |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO (1) |
| | ) | DISMISS AMENDED COMPLAINT |
| STAFFING POWER, INC., | ) | WITH LEAVE TO AMEND AND (2) |
| STAFFING POWER LLC, | ) | DENY APPLICATION TO |
| STAFFINGPOWER, | ) | PROCEED WITHOUT PAYMENT |
| MASTERCARE, ANWAR KAZI, | ) | OF FEES OR COSTS AS MOOT |
| IFRAAN KAZI, STATE OF | ) | |
| HAWAII DUA DISASTER | ) | |
| UNEMPLOYMENT, STATE OF | ) | |
| CALIFORNIA SAN FRACISCO | ) | |
| OFFIC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO (1) DISMISS AMENDED
COMPLAINT WITH LEAVE TO AMEND AND (2) DENY APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AS MOOT

Before the Court is Plaintiff Patricia Hunt's (Plaintiff) second

Application to Proceed without Prepayment of Fees or Costs (Application), ECF

No. 11.[1]

_____

[1] Plaintiff filed an "Ex Parte Motion to Waive Filing Fees and Surcharges under Hawai'i Revised Statutes Chapter 607 and Declaration." See Application, ECF No. 11. She used a form from the Circuit Court of the First Circuit. See id. The Court construes this document to be an Application to Proceed without Payment of Fees or Costs.

1

On November 19, 2025, the Court dismissed (1) Plaintiff's first Application and (2) her original Complaint with leave to amend because it violated Rule 8 of the Federal Rules of Civil Procedure.  See Order Adopting Magistrate Judge's Findings and Recommendation to (1) Dismiss Complaint with Leave to Amend and (2) Deny Application to Proceed without Payment of Fees or Costs, ECF No. 6; see also Findings and Recommendation to (1) Dismiss Complaint with Leave to Amend and (2) Deny Application to Proceed without Payment of Fees or Costs, ECF No. 4.

On January 20, 2026, Plaintiff, proceeding without counsel, filed an amended complaint (Amended Complaint) against "Staffing Power, Inc., Staffing Power LLC, StaffingPower, MasterCare, Anwar Kazi, Ifraan Kazi, State of Hawaii DUA Disaster Unemployment, State of California San Fracisco [sic] offic [sic]." (collectively, Defendants).[2]  See Amended Complaint, ECF No. 9 at 1. On the same day, Plaintiff filed her Application.  See Application, ECF No. 11. For the reasons stated below, the Court FINDS and RECOMMENDS that Plaintiff's Amended Complaint be DISMISSED with leave to amend and that

---

[2] The Amended Complaint includes "DOES 1-50" in the caption.  See Amended Complaint, ECF No. 9 at 1.  Plaintiff, however, crossed out the word "DOES" and appears to have replaced it with the names of two additional defendants.  See id. Therefore, the Court does not consider the Complaint to include Doe Defendants.

Plaintiff's Application be DENIED as moot.[3]

## I.      Screening

The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss [a § 1915(a)] complaint that fails to state a claim).  Additionally, the Court liberally construes a pro se complaint.  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).  However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim.  See Pliler v. Ford, 542 U.S. 225, 231 (2004); Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

According to Rule 8(a)(2) of the Federal Rules of Civil Procedure (FRCP), to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

---

[3] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

P. 8(a)(2).  To satisfy this rule, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (quotation marks omitted).  Importantly, conclusions of law are insufficient to state a claim under Rule 8(a).  See id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Therefore, to survive in federal court, a complaint must contain specific factual allegations in support of the legal conclusions.  See id. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, "[t]o comply with Rule 8(a)(2), a plaintiff suing multiple defendants 'must allege the basis of his claims against each defendant[.]'"  Tamraz v. Bakotic Pathology Assocs., LLC, No. 22-CV-0725-BAS-WVG, 2022 WL 16985001, at *2 (S.D. Cal. Nov. 16, 2022) (quotation marks and citations omitted).  "Put differently, a pleading that names multiple defendants must 'establish the specific personal involvement' of each defendant 'in the alleged wrongful acts.'"  Id. (citations omitted).  "Failure to do so 'leaves each defendant with no means of determining exactly what each of them is charged with doing,' and, therefore,

violates Rule 8." Id. (ellipses points and citations omitted)

As a preliminary matter, the Court considers whether it has subject matter jurisdiction over this matter and concludes that it does not. See McKeague v. Matsuura, No. CIV.08-00571-ACK-KSC, 2009 WL 89112, at *1 (D. Haw. Jan. 12, 2009) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute.").

Plaintiff claims that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 – i.e. federal question jurisdiction, asserting that this action arises under the Stafford Act and Title VI of the Civil Rights Act of 1964.[4] See Amended Complaint, ECF No. 9 at 3. Count III of the Amended Complaint asserts these claims. See id. at 5. Yet, Count III is comprised entirely of only three sentences: (1) "Defendants' actions interfered with Plaintiff's access to federally funded disaster assistance in violation of the Stafford Act and Title VI of the Civil Rights Act"; (2) "Defendants' conduct constituted obstruction, retaliation, and deprivation of federally protected rights"; and (3) "a Defendant [sic] was discriminated against by State of Hawaii D [sic]." Id.

---

[4] In the Amended Complaint's statement of jurisdiction, Plaintiff also claims that the action arises under "18 U.S.C. §§ 241, 242, 1001, 1503, 1512, . . .[t]he Privacy Act of 1974, [t]he Americans with Disabilities Act (ADA), [and] EEOC Discrimination, fraud." See Amended Complaint, ECF No. 9 at 3. Plaintiff, however, does not assert any of these claims in the "Claims for Relief" section of the Amended Complaint.

The Court finds that Count III asserting claims under the Stafford Act or Title VI of the Civil Rights Act fails to comply with the requirements of Rule 8. Neither Count III nor the factual allegations throughout the Amended Complaint make clear what misconduct is alleged to have occurred, who specifically is alleged to have committed it, or when any such misconduct occurred.  Further, the Amended Complaint does not establish how any of the eight defendants violated the Stafford Act or Title VI of the Civil Rights Act.   Put simply, Plaintiff fails "to allege the basic who, what, when, where, and why of [Count III] against Defendants."  See Tamayo v. City of Glendale, No. 219CV10284ODWSK, 2020 WL 136633, at *1 (C.D. Cal. Jan. 13, 2020) (explaining that the complaint violated Rule 8 because it failed "to allege the basic who, what, when, where, and why" of the plaintiff's claims).

Moreover, Plaintiff does not identify the portions of the Stafford Act or Title VI of the Civil Rights Act that provide Plaintiff with a cause of action. Plaintiff includes mere legal conclusions unsupported by factual allegations that Defendants "interfered with Plaintiff's access to federally funded disaster assistance," that their conduct "constituted obstruction, retaliation, and deprivation of federally protected rights," and that she "was discriminated against by State of Hawaii."  See Amended Complaint, ECF No. 9 at 5.  Without more, these legal conclusions "leave[] each defendant with no means of determining exactly what

6

each of them is charged with doing." See Tamraz, 2022 WL 16985001, at *2; see also Ashcroft, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Because the only claim arising under federal law (i.e., Count III) fails to comply with the requirements of Rule 8, the Court finds that Plaintiff does not sufficiently establish federal question jurisdiction.

Plaintiff also claims that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) – i.e. diversity of citizenship jurisdiction. See Amended Complaint, ECF No. 9 at 3. The Amended Complaint, however, does not adequately establish the citizenship of each party. First, the Amended Complaint does not allege Plaintiff's citizenship. Rather, it only states that Plaintiff is "a citizen of the United States." Id. This statement is insufficient, as section 1332(a) requires that the action be between "citizens of different *States*." 28 U.S.C. § 1332(a) (emphasis added). Therefore, an allegation that Plaintiff is a citizen of the United States does not provide the Court with the information it needs to assess diversity jurisdiction.

Second, the Amended Complaint names eight defendants in the caption, yet does not describe the citizenships for all defendants. Specifically, the

7

Amended Complaint does not describe the citizenships of Defendant Anwar Kazi, Defendant Ifraan Kazi, Defendant State of Hawaii DUA Disaster Unemployment, or Defendant State of California San Fracisco Offic.  28 U.S.C. § 1332(a) requires "complete diversity of citizenship," which means that "*each* defendant [must be] a citizen of a different State from *each* plaintiff."  Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).  Therefore, the Court cannot determine whether it has diversity of citizenship jurisdiction over an action unless the citizenship of all parties have been plead.  For these reasons, the Amended Complaint fails to establish diversity jurisdiction.

Because Plaintiff has failed to establish that the Court has subject matter jurisdiction over this action, the Court FINDS and RECOMMENDS that the Amended Complaint be DISMISSED without prejudice.

As to whether leave to amend the Complaint should be permitted, the Ninth Circuit has explained that, "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted).  Here, arguably, Plaintiff may be able to cure some of the deficiencies in the Amended Complaint.  Therefore, the Court RECOMMENDS that she be permitted to file a second amended complaint.

If Plaintiff chooses file a second amended complaint, she must write short, plain statements telling the (1) the specific basis of this Court's jurisdiction (i.e., diversity jurisdiction or federal question jurisdiction); (2) the right(s) she believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what *each defendant* did or failed to do and when; (5) how the action or inaction of that defendant *is connected* to the violation of Plaintiff's right(s); and (6) what specific injury she suffered because of a defendant's conduct. If Plaintiff claims that the Court has jurisdiction based on diversity of citizenship, she must allege (1) her citizenship; (2) the citizenship of each defendant; and (3) the amount in controversy.

Additionally, any fraud claim must be stated with particularity as required by FRCP Rule 9(b).  See Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013).  Any amended complaint shall cure the deficiencies noted above.

## II.   Application to Proceed in District Court Without Prepaying Fees or Costs

Insofar as this Court finds and recommends that Plaintiff's Amended Complaint be dismissed with leave to amend, it also FINDS and RECOMMENDS that Plaintiff's Application be DENIED without prejudice as moot.  If Plaintiff timely files an amended complaint, she shall concurrently pay the filing fee or file a new application to proceed without prepayment of costs.  If Plaintiff chooses to file a new application, she is DIRECTED to use Form AO 240 entitled

9

"Application to Proceed in District Court without Prepaying Fees or Costs," which is available on this Court's website.  Plaintiff's amended complaint and filing fee or new application are due within **45 days** from the date the district court acts on this Findings and Recommendation.  Failure to file an amended complaint and new application or payment of the filing fee by this deadline will result in automatic dismissal of this case.

## CONCLUSION

The Court FINDS and RECOMMENDS that the district court

- DISMISS the Amended Complaint, ECF No. 9, with leave to file a second amended complaint within **45 days** from the date the district court acts on this Findings and Recommendation,

- REFER the screening of any amended complaint to the undersigned,

- DENY the Application, ECF No. 11, as moot,

- ORDER Plaintiff to file an application to proceed without prepayment of costs utilizing Form AO 240 or pay the filing fee contemporaneously with the filing of the amended complaint,

- CAUTION Plaintiff that failure to file an amended complaint with an application to proceed without prepayment of costs or payment of the filing fee within the time frame specified above will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 19, 2026.



Wes Reber Porter
United States Magistrate Judge

Hunt v. Staffing Power Inc., et al., Civ. No. 25-00403 HG-WRP; FINDINGS AND RECOMMENDATION TO (1) DISMISS AMENEDED COMPLAINT WITH LEAVE TO AMEND AND (2) DENY APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AS MOOT.

11